1

2

3

4

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

5

6

7   MICHAEL COFFMAN,

8          Plaintiff,

9      vs.

10  TAQUERIA LOS GALLOS et al.,

11         Defendants.

3:15-cv-00191-RCJ-VPC

**ORDER**

12

13        Pending before the Court is an Motion to Proceed in Forma Pauperis (ECF No. 1), and an

14  attached Complaint for screening under 28 U.S.C. § 1915.  For the reasons given herein, the

15  Court grants the motion and permits the Complaint to proceed.

16  **I.      FACTS AND PROCEDURAL HISTORY**

17        On February 12, 2015, Plaintiff Michael Coffman entered Taqueria Los Gallos with his

18  seeing-eye dog, but the cashier, Lupe, told him he could not bring the dog into the restaurant

19  even after Plaintiff showed her the dog's identification as a registered service animal. (*See*

20  Compl. 3–4, ECF No. 1-1).  When the owner came to the counter from the kitchen, he stated that

21  he would not serve Plaintiff unless he left the dog outside. (*Id.* 4).  Plaintiff left without being

22  served. (*Id.*).

23

24

Plaintiff filed the Complaint attached to the Motion to Proceed in Forma Pauperis (ECF No. 1).  The Complaint lists a single cause of action for "Title II."  The Court now considers the motion and screens the Complaint.

## II.    LEGAL STANDARDS

Federal courts must conduct a preliminary screening under 28 U.S.C. § 1915(e) in any case in which a Plaintiff seeks to proceed *in forma pauperis*. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  In its review, a court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief can be granted is governed by Rule 12(b)(6), and the court applies the same standard under § 1915. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citing Fed. R. Civ. P. 12(b)(6)).  Whenever a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule (a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

1    give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See*

2    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

3    sufficient to state a claim, the court will take all material allegations as true and construe them in

4    the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

5    Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

6    conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

7    *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

8         A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a

9    plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

10   "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

11   ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

12   draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is,

13   under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a

14   cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the

15   court can determine whether the plaintiff has any basis for relief under the legal theory he has

16   specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

17        "Generally, a district court may not consider any material beyond the pleadings in ruling

18   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

19   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

20   *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

21   whose contents are alleged in a complaint and whose authenticity no party questions, but which

22   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

23

24

1   motion to dismiss" without converting the motion to dismiss into a motion for summary

2   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

3   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

4   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

5   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

6   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

7   2001).

8   **III.    ANALYSIS**

9       The Court grants the Motion to Proceed in Forma Pauperis.  Plaintiff has attested to $900

10  of monthly income, $850 in monthly expenses (rent and life insurance), and no substantial assets.

11  The Court now proceeds to screening.

12      Although Plaintiff identifies "Title II" as the basis for his claim, presumably meaning

13  Title II of the Americans with Disabilities Act ("ADA"), Title III of the ADA in fact governs his

14  claim, because Defendant is a private entity, not a public entity. *Compare* 42 U.S.C. § 12181(6)

15  (defining "private entity" as "any entity other than a public entity (as defined in section 12131(1)

16  of this title)", *with id.* § 12131(1) (defining "public entity" to include only state and local

17  governments; their departments, agencies, special purpose districts, and instrumentalities; and

18  AMTRAK and other commuter authorities).  The "general rule" of Title III is that "[n]o

19  individual shall be discriminated against on the basis of disability in the full and equal enjoyment

20  of the goods, services, facilities, privileges, advantages, or accommodations of any place of

21  public accommodation by any person who owns, leases (or leases to), or operates a place of

22

23

24

1   public accommodation." *Id.* § 12182(a).  The Civil Rights Division of the Department of Justice

2   has adopted regulations pertaining to service animals:

3          (c) Service animals—

4          (1) General.  Generally, a public accommodation shall modify policies, practices, or
    procedures to permit the use of a service animal by an individual with a disability.

5

6          (2) Exceptions.  A public accommodation may ask an individual with a disability to
    remove a service animal from the premises if:

7          (i) The animal is out of control and the animal's handler does not take effective action to
    control it; or

8

9          (ii) The animal is not housebroken.

10         (3) If an animal is properly excluded.  If a public accommodation properly excludes a
    service animal under § 36.302(c)(2), it shall give the individual with a disability the opportunity
    to obtain goods, services, and accommodations without having the service animal on the

11  premises.

12         (4) Animal under handler's control.  A service animal shall be under the control of its
    handler.  A service animal shall have a harness, leash, or other tether, unless either the handler is

13  unable because of a disability to use a harness, leash, or other tether, or the use of a harness,
    leash, or other tether would interfere with the service animal's safe, effective performance of

14  work or tasks, in which case the service animal must be otherwise under the handler's control
    (e.g., voice control, signals, or other effective means).

15

           . . . .

16

17         (6) Inquiries.  A public accommodation shall not ask about the nature or extent of a
    person's disability, but may make two inquiries to determine whether an animal qualifies as a
    service animal.  A public accommodation may ask if the animal is required because of a

18  disability and what work or task the animal has been trained to perform.  A public
    accommodation shall not require documentation, such as proof that the animal has been certified,

19  trained, or licensed as a service animal.  Generally, a public accommodation may not make these
    inquiries about a service animal when it is readily apparent that an animal is trained to do work

20  or perform tasks for an individual with a disability (e.g., the dog is observed guiding an
    individual who is blind or has low vision, pulling a person's wheelchair, or providing assistance

21  with stability or balance to an individual with an observable mobility disability).

22         (7) Access to areas of a public accommodation.  Individuals with disabilities shall be
    permitted to be accompanied by their service animals in all areas of a place of public

23

24

accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go.

28 C.F.R. § 36.302(c).  This regulation governs "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities" in the context of service animals. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1086 (9th Cir. 2004) (citing 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(c)).

Plaintiff sufficiently alleges that he was denied goods and services in the Defendant restaurant because of his disability, i.e., because he needed his seeing-eye dog to aid him due to his disability, and Defendant failed to reasonably modify its policy against dogs as necessary for Plaintiff to be afforded Defendant's goods and services.  The Complaint does not indicate on its face that any of the exceptions under § 36.302(c) apply in this case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed in Forma Pauperis (ECF No. 1) is GRANTED, and the Complaint shall PROCEED.

IT IS FURTHER ORDERED that the Clerk shall DETACH and FILE the Complaint (ECF No. 1-1), ISSUE a Summons to Defendant, and DELIVER the Summons and Complaint to the U.S. Marshal for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address

1  for the defendant, or whether some other manner of service should be attempted.  Pursuant to

2  Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120

3  days from the date this order is entered.  From this point forward, Plaintiff shall serve upon

4  Defendant, or, if appearance has been entered by counsel, upon Defendant's attorney(s), a copy

5  of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff

6  shall include with the original papers submitted for filing a certificate stating the date that a true

7  and correct copy of the document was mailed to Defendants or counsel for Defendant.  The

8  Court may disregard any paper received by a District Judge or Magistrate Judge which has not

9  been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the

10  Clerk which fails to include a certificate of service.

11        IT IS SO ORDERED.

12  Dated this 25th day of June, 2015.

13

14  _____

15        ROBERT C. JONES
       United States District Judge

16

17

18

19

20

21

22

23

24